**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

MARTHA MCINTYRE,

                                  **REPORT AND RECOMMENDATION**

                 Plaintiff,

  -against-                               **19-CV-4847 (MKB) (ST)**

TARGET CORPORATION,

                                Defendant.
-------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

On June 29, 2019, Martha McIntyre ("Plaintiff") commenced this civil action against Target Corporation ("Defendant"), in the Supreme Court of the State of New York, County of Queens, by filing a Summons with Notice. Notice of Removal, ECF No. 1. On August 23, 2019, Defendant removed the action to Federal Court based on diversity jurisdiction pursuant to 28 U.S.C. §1332. *See id*. Plaintiff asserts causes of action against Defendant based on negligence arising from a slip-and-fall incident at the Defendant's store. *See id*.

Following the removal, Plaintiff failed to comply with this Court's order to appear for conferences and hearings on no less than (3) occasions, nor has Plaintiff sought to otherwise communicate with her attorney and this Court. *See* Minute Entries, ECF Nos. 11, 14, 17. When Plaintiff did not appear for her first settlement conference on March 3, 2020, Plaintiff's Counsel reported that he had not been able to communicate with Plaintiff for more than a month despite diligent attempts to contact her. *See* Motion to Adjourn, ECF No. 10; Minute Entry, ECF No.11. This Court subsequently ordered Plaintiff's appearance in a show cause hearing to be held on April 2, 2020. Minute Entry, ECF No. 11. Plaintiff failed to telephonically appear for that order to show cause hearing on April 2, 2020, and Plaintiff's Counsel admitted that he had relayed a mistaken call-in information to his client. Minute Entry, ECF No. 14. This Court provided yet

another opportunity for Plaintiff's to appear for another order to show cause hearing on May 4, 2020, but Plaintiff again failed to appear. Minute Entry, ECF No. 17. Plaintiff has been warned multiple times that her failure to appear for the settlement conference and order to show cause hearings would result in this Court recommending dismissal of the action for failure to prosecute. Minute Entries, ECF Nos. 11, 14. Plaintiff's Counsel informed this court he has not been able to have substantive communications with Plaintiff for months despite numerous attempts to reach her by mail, phone, and e-mail. Attorney Shimko Letters, ECF Nos. 10, 13; Motion to Withdraw as Attorney, ECF No. 15. Given Plaintiff's repeated failure to adhere to the Court's rules and the apparent lack of prosecution in this action, I recommend that this case be dismissed.

## DISCUSSION

While dismissal for failure to prosecute is unquestionably a "harsh remedy" that should be limited to "extreme situations," it is axiomatic that a district court possesses the inherent power to manage its own affairs to achieve the orderly and expeditious disposition of cases. *Lewis v. Rawson*, 564 F.3d 569, 576-75 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-01 (1962)). The Federal Rules of Civil Procedure provide that "if a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it" and the Court, in its discretion, may grant such a dismissal. Fed. R. Civ. ,P. 41(b); *see Link*, 370 U.S. at 633; *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995).

The Second Circuit enumerated five principal factors a Court considering dismissal should follow:

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 575 F.3d 248, 254 (2d Cir. 2004)). Generally, no one single factor is dispositive. *Id.*

First, this case was removed to Federal Court in August of 2019, Plaintiff has failed to participate in settlement conferences, order to show cause hearings, or meaningfully prosecute this action. ECF No. 1. Plaintiff's Counsel avers that he had not been able to meaningfully communicate with his client since several months prior to the initial settlement conference in March. Attorney Shimko Letters, ECF Nos. 10, 13; Motion to Withdraw as Attorney, ECF No 15; Minute Entries, ECF Nos. 11, 14, 17. Although there is no fixed period of time during which a plaintiff's failure to prosecute becomes significant enough to warrant dismissal, delays of several months have been found to suffice. *E.g.*, *Caussade v. United States*, 293 F.R.D. 625, 629-30 (S.D.N.Y. 2013). Plaintiff's lack of action has led this case to lay idle and caused a hindrance in moving forward, which weighs heavily in favor of dismissal.

The second factor was satisfied on March 5, 2020 and April 2, 2020 when this Court warned that Plaintiff's failure to appear for the hearings may result in dismissal of the case. Minute Entry, ECF Nos. 11 & 14. As to the third factor, Defendant will be prejudiced by further delays. Typically, a court examining this factor will examine the length of the delay to determine whether there is a rebuttable presumption of prejudice or there is a need to prove actual prejudice was suffered. *See id.* ("A rebuttable presumption that a defendant was prejudiced may arise where the delay was lengthy and inexcusable. . . . However, in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater.") (internal quotation marks and citations omitted). Here, because the delay is due solely to Plaintiff's lack of action, there is a presumption that the delay is prejudicial against Defendant, weighing in favor of dismissal.

Fourth, dismissing this case would aid the Court's effort to ease docket congestion. Of course, the Court "must not let its zeal for a tidy calendar overcome its duty to do justice." *Outley v. City of New York*, 837 F.2d 587, 589 (2d Cir. 1988) (internal quotation marks and citations omitted). However, in a case like this one, where Plaintiff is unresponsive, the Court should not hesitate to find that the need to alleviate docket congestion outweighs Plaintiff's right to be heard. Plaintiff "has shown little interest in prosecuting this case," as he has not moved to further prosecute in any way since the case was removed to Federal Court. *See Caussade*, 293 F.R.D. at 631. Therefore, this Court can only conclude that "[i]t is not an efficient use of the Court's or [D]efendants' resources to permit this case to languish on the docket in the hope that [P]laintiff will reappear in the future." *Davison v. Grillo*, 2006 WL 2228999, at *2 (E.D.N.Y. June 27, 2006), *adopted by*, 2006 WL 2228999 (E.D.N.Y. Aug. 3, 2006). Thus, this factor also weighs in favor of dismissal for failure to prosecute.

Finally, the fact that Plaintiff's failed to comply with this Court's multiple orders to appear for a settlement conference and order to show cause hearings warrants dismissal. *See Caruso v Fin. Recovery Servs.*, No. 19-CV-4706 (JMA)(AKT), 2020 U.S. Dist. LEXIS 15954, at *3 (E.D.N.Y.Jan. 30, 2020)(dismissing case for failure to prosecute because Plaintiff failed to comply with this Court's Orders); *Henderson v Capital Mgmt. Servs., L.P.*, No. 19-CV-3771(JMA)(AYS), 2020 U.S. Dist. LEXIS 6282, at *3 (E.D.N.Y. Jan. 14, 2020) (same).

## CONCLUSION

Here, all five factors weigh heavily in favor of dismissal for failure prosecute. Thus, I recommend that the instant action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Caussade*, 293 F.R.D. at 631-32 (dismissing with prejudice).

**OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                                     /s/
                                                    Steven L. Tiscione
                                                    United States Magistrate Judge
                                                    Eastern District of New York

Dated:  Brooklyn, New York
          May 6, 2020